SO ORDERED.

SIGNED this 8th day of May, 2018.



Dale L. Somers
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

NORBERT V. HORNUNG,

DEBTOR.

CASE NO. 10-14263
CHAPTER 12

**MEMORANDUM AND JUDGMENT GRANTING
MOTION OF HITCHCOCK, INC. FOR RELIEF FROM STAY**

The mater before the Court is the Motion of Hitchcock, Inc. for Relief from Stay or, in the Alternative, for Allowance and Immediate Payment of Administrative Expense. Notice of an objection deadline of March 26, 2018 was given to all those requesting notice pursuant to Bankruptcy Rule 2002 and other interested parties. Debtor filed the only objection. A hearing was held on April 12, 2018. Hitchcock appeared by W. Thomas

Gilman of the Hinkle Law Firm LLC. Debtor appeared by Dan W. Forker, Jr. of Forker Suter LLC. There were no other appearances. The Court has jurisdiction.[1]

This Chapter 12 proceeding was filed on December 22, 2010. A plan was filed on August 18, 2011 and was confirmed on April 13, 2012. The plan was modified by order entered on January 30, 2013. On December 13, 2017, the Chapter 12 Trustee filed a motion to deem the Chapter 12 plan completed and to allow refund to the Debtor of an overpayment of $2,031.07. An order allowing the motion was filed on March 13, 2018, but the case has not been closed,

Hitchcock's motion was filed on March 5, 2018. It alleges that on January 28, 2014, Hitchcock sold a manure box and components to the Debtor for a truck owned, leased, or used by him. The purchase price was $55,680.00. Debtor failed to pay Hitchcock. Not knowing that the Debtor had filed a bankruptcy proceeding, on February 19, 2016, Hitchcock filed a collection action in the District Court of Kit Carson County, Colorado, Case no. 2016CV30009 (hereafter Collection Action) against Debtor to recover $41,652.40, the amount then alleged to be due, plus costs, reasonable attorney fees, and interest. A mediation and settlement meeting was held, with Debtor appearing pro se.

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure for Bankruptcy Court at 12 (March 2018). A motion for relief from stay is a core proceeding which ths Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(G). There is no objection to venue or jurisdiction over the parties.

2

Debtor alleges that agreement was reached that Debtor would pay Hitchcock $22,000, but the agreement was not reduced to writing. Debtor first advised Hitchcock of his bankruptcy case at the end of the settlement meeting or shortly thereafter. The state court judge then stayed the Collection Action pending a ruling from this Court as to whether the case could proceed.

Hitchcock's motion prays for relief from stay to continue the Collection Action to judgment and to allow execution on any judgment in its favor, including assets that are or were property of the bankruptcy estate. In the alternative, Hitchcock alleges that the equipment sold to Debtor was a necessary cost and expense of preserving the bankruptcy estate and its claim should be allowed as an administrative expense incurred while the bankruptcy case was pending. Debtor disputes the amount alleged to be owed, denies that Hitchcock's claim is entitled to allowance as an administrative expense due to failure of Hitchcock to comply with the requirements of 11 U.S.C. §364(b) and § 503, and opposes relief from stay on the ground that Debtor, who resides in Offerele, Kansas would be placed at a significant geographical advantage if required to litigate in Kit Carson County, Colorado.

The Court finds that Hitchcock should be granted relief from stay for cause, as allowed by 11 U.S.C. § 362(d). Hitchcock has not been granted adequate protection, and such protection has not been offered. Debtor did not seek Court approval before he obtained debt other than in the ordinary course of his farming operation as required by 11 U.S.C. § 364(b). Debtor did not advise Hitchcock that he was the debtor in an open

3

bankruptcy case until about two years after the Collection Action was filed. Debtor's bankruptcy case is ready to be closed, and the Court sees no benefit in holding it open for the purpose of resolving Hitchcock's claim. Allowing the Collection Action to proceed will not put Debtor at a significant geographical disadvantage, since Kit Carson County is the first county west of Kansas when traveling on I 70 westbound from Kansas. Multiple court appearances should not be necessary.

The Court therefore finds that Hitchcock should be granted relief from stay under 11 U.S.C. § 362(d) for cause. Hitchcock may continue the Collection Action pending in the District Court of Kit Carson County, Colorado to judgment and if judgment is entered in Hitchcock's favor, Hitchcock may execute on Debtor's assets, including those that are or were property of the bankruptcy estate.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting Hitchcock, Inc. relief from stay to continue the Collection Action against Debtor now pending in the District Court of Kit Carson County, Colorado, to judgment and, if judgment is entered in Hitchcock's favor, Hitchcock may execute on Debtor's assets, including those that are or were property of the bankruptcy estate. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy

Procedure 9021, and the 14 day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply.

**IT IS SO ORDERED.**

###

5